IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID THAI, | : | CIVIL NO. 3:CV-14-1333 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN J.E. THOMAS, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner David Thai ("Thai"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I.   **Background**

The following is set forth in the "statement of case" section of Thai's memorandum of law:

> Thai was convicted on October 23, 1992, after a trial by jury of RICO, in violation of 18 U.S.C. § 1962(c), (Count 1); RICO conspiracy in violation of 18 U.S.C. § 1962(d), (Count 2); conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951, (Counts 4, 5, 6, 7, 9, 11, 13, and 14); conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5), (Count 8); conspiracy to assault in violation of 18 U.S.C. § 1959(a)(6), (Count 15); possession of an unregistered firearm in violation of 26

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

> U.S.C. § 5861(d), (Count 16 and 18); and possession of a firearm without serial numbers in violation of 26 U.S.C. § 5861(i), (Counts 17 and 19). As a result, Thai was sentenced to a term of life imprisonment for Counts 1 and 2; and concurrent terms of imprisonment for twenty-years for Counts 4, 5, 6, 7, 9, 11, 13, and 14; ten-years (Counts 8, 16, 17, 18, 19); count three was vacated.
>
> Thai is currently incarcerated pursuant to this sentence. His conviction and sentenced were affirmed and all post-conviction motions filed were denied.

(Doc. 2, at 2). See also United States v. Thai, 29 F.3d 785 (2d Cir. 1994). Thai also pursued relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania. Thai v. United States, No. 99 CV 7415(CBA), 2007 WL 13416 (E.D. N.Y. Jan. 2, 2007). Relief was denied. Id.

Thai now seeks relief *via* 28 U.S.C. § 2241 asserting that "[t]he outcome of this case amounts to a miscarriage of justice, and implicates the fundamental fairness and accuracy of the conviction and sentence. That is, Petitioner was convicted and sentenced to crimes neither charge [sic] and/or proven beyond a reasonable doubt." (Doc. 2, at 1). He argues that "under Alleyne v. United States, 133 S.Ct. 2151 (2013); Peugh v. United States, 133 S.Ct. 2017 (2013); and Whiteside v. United States, [748 F.3d 541, reh'g *en banc* granted, No. 13–7152, 2014 WL 3377981 (4th Cir. July 10, 2014)], the Petitioner's sentence and conviction under the relevant statute was not punishable by a mandatory minimum sentence of life, and were he sentenced today, he would be subject to either the aggravated crime of 18 U.S.C. § 1111 (First-degree murder) or the mandatory term of life imprisonment without parole under the crime charged and proven beyond a reasonable doubt." (Doc. 2, at 12). He argues that without the First-degree murder charge, he would have faced a 20-year non-

mandatory sentence. (Id.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Thai has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his

3

conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thai's reliance on the Supreme Court's decision in Alleyne does not fall within the Dorsainvil exception so as to permit his § 2241 habeas petition to move forward. Indeed, as the Third Circuit has stated:

> [Petitioner] cannot avail himself of the [Dorsainvil] exception in this case. As noted above, he relies on the Supreme Court's decision in Alleyne to support his petition. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): in Apprendi, the Court held that under the Fifth And Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," Apprendi, 530 U.S. at 490, and in Alleyne, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," Alleyne, 133 S.Ct. at 2163. We have held that, "§ 2255[i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument," Okereke, 307 F.3d at 121, and there is no basis to treat claims brought under Alleyene differently.

Sacksith v. Warden Canaan USP, 552 F. App'x 108, 109 (3d Cir. 2014) (*per curiam*); see also Oliver–Diaz v. Warden Fort Dix FCI, No. 13–4609, 2014 WL 1364001, at *1 (3d Cir. Apr.8, 2014) (*per curiam*). Nor does Thai's fare any better in relying on Peugh v. United States, — U.S. —, 133 S.Ct. 2072 (2013). Because Peugh has not yet been held to apply retroactively, his claim does not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08–4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 F. App'x. 109, 110–11 (6th Cir. 2002).

If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. See Jackman v. Shartle, 535 F. App'x. 87 (3d Cir. 2013) (finding that a motion to vacate sentence under § 2255, rather than petition under § 2241, is the proper remedy for a claim under Alleyne); Wallace v. Bledsoe, No. 1:11-CV-132, 2011 WL 766641 (M.D.Pa. 2011) (Jones, J.) (finding that petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:      August 7_, 2014